IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES RICHARDS                    *
                                  *
VS.                               *        CIVIL NO. _____
                                  *
MARSHA MCLANE,                    *
DIRECTOR,                         *
TEXAS CIVIL COMMITMENT            *
OFFICE                            *

APPLICATION FOR WRIT OF HABEAS CORPUS
AND MEMORANDUM OF LAW
PURSUANT TO 28 U.S.C. SECTION 2254

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, the petitioner, JAMES RICHARDS, by and through his attorney of record, Nancy Bunin, and presents his Application for Writ of Habeas Corpus, and as grounds therefore, would respectfully show this Court the following:

I.

JURISDICTION

Petitioner invokes the jurisdiction of the Court pursuant to 28 U.S.C. Section 2254.

II.

CUSTODY

Case 4:15-cv-03075   Document 1   Filed in TXSD on 10/21/15   Page 2 of 28

Petitioner is a citizen of the United States and a resident of the State of

Texas. He is presently in the Respondent's custody pursuant to an order of civil

commitment pursuant to the Texas Health and Safety Code, Chapter 841 resulting

in an indeterminate sentence.

## III.

## HISTORY OF PRIOR PROCEEDINGS

1.   On January 8, 2003, the Petitioner was ordered civilly committed to
     outpatient treatment and supervision and assessed an indeterminate sentence,
     in accordance with the Texas Health and Safety Code section 814.03 in the
     435 Judicial District Court of Montgomery County, Texas in Cause No. 01-
     09-05913.

2.   Petitioner appealed the judgment, on the grounds that Texas Health and
     Safety Code Chapter 841 is unconstitutional because it is punitive in nature.

3.   On February 12, 2004, the Texas Court of Appeals, Ninth District in
     Beaumont, Texas, affirmed the judgment. *In re Commitment of Richards*, No. 09-
     030168 CV, 2004 WL 256744 (Tex. App. – Beaumont Feb. 12, 2004)

4.   On October 27, 2005, the Trial Court modified the civil commitment order
     to require petitioner to reside in a secure facility imposing restrictions on his
     liberty and extended the order of commitment. *In re Commitment of Richards*,
     202 S.W.3d 779 (Tex. App.-Beaumont 2006, pet. denied)

5.   The trial court issued subsequent orders continuing Petitioner's commitment on April 6, 2007, and July 15, 2009.

6.   On September 23, 2011, a "Notice" was issued by the court coordinator of the trial court for parties "to submit a proposed order as you deem appropriate."

7.   On October 28, 2011, Petitioner filed objections to the evidence submitted by the Office of Violent Sex Offender Management to the Trial Court.

8.   On December 20, 2011, Petitioner filed a "Notice of Request for Hearing and "Motion for Hearing in Regard to the Biennial Review".

9.   On February 8, 2012, the State District Court issued its Biennial Review Order continuing the Petitioner's commitment and setting the date for his next review as February 8, 2014, without affording the Petitioner an opportunity to be heard.

10.  On March 6, 2012, Petitioner filed a "Respondent's Motion for Reconsideration of Request for Hearing and Biennial Review and in the alternative Respondent's Motion for New Trial".

11.  On March 9, 2012, Notice of Appeal was timely filed.

12.  On March 7, 2013, the Texas Court of Appeals, Ninth District in Beaumont, Texas, dismissed the appeal for lack of appellate jurisdiction. *In re Commitment of Richards*, 395 S.W.3d 905 (Tex. App.-Beaumont 2013, pet. denied)

13. On April 11, 2013, Petitioner filed a Petition for Review to the Texas Supreme Court in Austin, Texas.

14. On May 31, 2013, the Texas Supreme Court denied the Petition for Review in Cause No. 13-0271.

15. On July 12, 2013, the Ninth Court of Appeals issued a Mandate dismissing Petitioner's appeal for lack of jurisdiction. Cause No. 09-12-00133.

16. On or about July 1, 2013, the undersigned attorney, then staff attorney for State Counsel for Offenders (a division of the Texas Board of Department of Criminal Justice) was directed by her supervisor to uncommit herself from Petitioner's case. The undersigned attorney resigned from SCFO in October 16, 2013. On or about February 1, 2014, the undersigned attorney agreed to represent Petitioner and continued pro bono.

17. On February 8, 2014, the Trial Court had passed the Petitioner's biennial review date without issuing an order.

18. On April 22, 2014, Counsel for Petitioner filed with the Trial Court the Forensic Evaluation by licensed forensic psychologist John Fabian, Psy.D., J.D. advising that Petitioner was no longer likely to commit predatory acts of sexual violence.

19. On May 13, 2014, Petitioner filed "Respondent's Motion for Hearing on Respondent's Biennial Review and Proposed Order for Probable Cause Hearing.

20. On May 27, 2014, Petitioner filed a Petition for Writ of Mandamus in the Texas Court of Appeals, Ninth District-Beaumont.

21. On July 24, 2014, the Court of Appeals denied the Petition for Writ of Mandamus. *In re Commitment of Richards*, 2014 WL 3697027 (Tex. App.-Beaumont 2014, pet. denied)

22. On September 8, 2014, Petitioner filed a Petition for Writ of Mandamus in the Texas Supreme Court in Austin, Texas.

23. On September 24, 2014, the State District Court issued its Biennial Review Order without affording the Petitioner an opportunity to be heard.

24. On September 18, 2015, the Texas Supreme Court denied the Petition for Writ of Mandamus in Cause No. 14-0704.

IV

**GROUND FOR RELIEF ONE**

**PETITIONER WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT AND TEXAS CONSTITUTION ARTICLE I § 19 RIGHT TO DUE PROCESS OF LAW, BY THE TRIAL COURT'S FAILURE TO PROVIDE A PROBABLE CAUSE HEARING TO DETERMINE WHETHER PROBABLE CAUSE EXISTS THAT PETITIONER'S BEHAVIORAL ABNORMALITY HAS CHANGED TO THE**

**EXTENT HE IS NO LONGER LIKELY TO COMMIT AN ACT OF SEXUAL VIOLENCE**

During his 2014 biennial review, Petitioner requested a hearing on May 13, 2014, to present evidence and testimony that Petitioner's condition had changed to the extent that he is no longer likely to commit predatory acts of sexual violence. Additionally Petitioner intended to show that he had been compliant with sex offender treatment for more than a decade and had reached an age where he was at low risk to reoffend. The trial court failed to schedule a hearing during the 2014 Biennial Review despite repeated attempts by Counsel for the Petitioner.

## <u>GROUND FOR RELIEF TWO</u>

**PETITIONER WAS EFFECTIVELY DENIED HIS STATUTORY RIGHT TO COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHT VIA THE FAILURE TO CONDUCT A BIENNIAL REVIEW AT WHICH THE PETITIONER COULD BE REPRESENTED BY COUNSEL**

The Petitioner is entitled to representation by counsel at the biennial review. Tex. Health & Safety Code § 841.102(b). The trial court appeared to be aware of this right, as it sent notice of the biennial review in preceding years. However, at no time did the trial court schedule a time for counsel to be present at a biennial review. Further the trial court does not provide a submission date for counsel to present evidence or documentation that the Petitioner's condition has changed.

The trial court simply issues nearly identical "Biennial Review Order"[s] in every case. The order contains routine language, unsupported by the facts, that was nearly identical to the biennial order it previously issued despite the fact that Petitioner's behavioral abnormality had changed.  The order contains the following language in nearly every biennial review:

> . . . [T]here is no evidence to suggest that sex offender treatment of JAMES RICHARDS has resulted in his behavioral abnormality having changed to the extent that JAMES RICHARDS is no longer likely to engage in a predatory act of sexual violence, in fact quite to the contary.

## **GROUND FOR RELIEF THREE**

**IN VIOLATION OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW, PETITIONER WAS PREVENTED FROM PRESENTING NEW EVIDENCE THAT HE DOES NOT SUFFER FROM A BEHAVIORAL ABNORMALITY AND IS NOT LIKELY TO COMMIT ACTS OF PREDATORY SEXUAL VIOLENCE AND SHOULD BE RELEASED FROM CIVIL COMMITMENT.**

 Petitioner attempted to present new evidence to the trial court in 2014 that the Petitioner's expert found that his condition had changed and he was unlikely to commit predatory acts of sexual violence; and the State's expert found that he was at low risk to reoffend.

During the 2014 Biennial Review period, Petitioner completed the therapeutic treatment program prescribed by the Texas Civil Commitment Office's contracted Licensed Sex Offender Treatment Provider and became

employed. Petitioner was prevented from presenting the above evidence since there was no biennial review hearing.

## GROUND FOR RELIEF FOUR

**PETITIONER HAS BEEN DEPRIVED OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS BECAUSE THE TRIAL COURT HAS UNDULY DELAYED EACH REQUIRED BIENNIAL REVIEW AND THUS HIS RELEASE FROM CIVIL COMMITMENT AND CONFINEMENT.**

The last Biennial Review order was issued on September 24, 2014, when the court previously decreed that the Petitioner's next biennial review shall be on or after February 8, 2014. However Petitioner's review was unduly delayed as each of the reviews have been.

Petitioner was civilly committed on January 8, 2003. Tex. Health and Safety Code §841.102 requires that the judge to conduct a biennial review of the status of the committed person. It follows that the judge should have issued an order on or before January 8 each odd numbered year. However each order has been delayed by several months; cumulating in delaying Petitioner's reviews by more than several years.

V

## EXHAUSTION

Petitioner presents claims in this application for writ of habeas corpus that are of constitutional dimension. All of these claims have been presented to the Texas

Supreme Court, being the highest state court having jurisdiction, and have been denied in the state court system 28 U.S.C. section 2254(b)(1)(A).

## VI

### OTHER PENDING CLAIMS

Counsel for Petitioner has not filed any type of petition, application, or motion in a federal court regarding the Petitioner's confinement in Texas Civil Commitment. However, Petitioner filed a pro se Section 1983 Civil Rights Action in U.S. District Court at a time that he was unrepresented by Counsel and without the advice of Counsel. *Richards v. Taylor et al*, 2015 WL 5310853, Cause No. 4:13-CV-1394, (Tex. S.D. September 11, 2015)

Except for Petitioner's Pro Se Section 1983 Civil Right Action, there are no other petitions or appeals now pending in state or federal court. The Pro Se 1983 Civil Rights Action does not challenge denial of due process in the Biennial Review.

## VII

### REPRESENTATION

A Staff Attorney employed by State Counsel for Offenders (a division of the Texas Board of Criminal Justice) represented Petitioner at his civil commitment trial and subsequent appeal. The undersigned attorney represented Petition in state post-conviction proceedings since 2011.

## VIII

## NO FUTURE SENTENCE

Petitioner will have no future sentence to serve once he is released from the custody of the Texas Civil Commitment Office.

## IX

## TIMELINESS OF PETITION

Petitioner is within the one-year period of limitation. The date on which the trial court issued the most recent Biennial Review Order was September 24, 2014. It was necessary for the Grounds of Relief to be considered by the Texas Supreme Court. The limitation period was tolled while the Petition for Writ of Mandamus was reviewed by the Texas Supreme Court. Petition for Writ of Mandamus was filed in the Texas Supreme Court on September 9, 2014 and was under review when the Biennial Review Order was issued on September 24, 2014. The Texas Supreme Court denied the Petition for Review on September 18, 2015. A Biennial Review order is not appealable. *In re Commitment of Richards*, 395 S.W.3d 905 (Tex. App.-Beaumont 2013, pet. denied)

## MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2254

Petitioner JAMES RICHARDS, through undersigned counsel, submits this Memorandum of Law in support of his Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254, ("Petition"), on grounds that he is confined by the Texas Civil Commitment Office and has been denied an opportunity to show that his commitment and indeterminate sentence continues in violation of the Constitution of the United States.

## STATEMENT OF THE CASE

Petitioner contests the continuation of his civil commitment order of September 24, 2014. Petitioner through his counsel requested a hearing at his 2014 biennial review to present evidence that he is no longer likely to commit predatory acts of sexual violence and should be released from civil commitment.

### The Basis of the Request for a Biennial Review Hearing

Petitioner was examined and evaluated by a licensed forensic psychologist, John Fabian, Psy.D.,J.D., who determined that Petitioner's behavioral abnormality had changed to the extent that he was no longer likely to engage in a predatory act of sexual violence. Dr. Fabian issued an affidavit and a written report stating the basis of his opinion. A hearing was necessary to present testimony of an expert witness that the Petitioner is no longer likely to commit predatory acts of sexual violence and to challenge the evidence submitted to the court by the state. But the trial court would not schedule a hearing for counsel to present evidence in violation

of the Petitioner's right to due process of law under the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the Texas Constitution.

## Subsequent Basis of the Petitioner's Request for a Biennial Review Hearing

The Trial Court issued a Biennial Review Order, long past the review date of February 8, 2014, without a hearing. Petitioner protests that he continues to be confined in civil commitment though he has completed the therapeutic portion of the program, is employed and is required to reside in a specific location. He is unable to depart his residence without previous express permission of his Texas Civil Commitment case manager. Petitioner must have an activity schedule prepared a week in advance and must follow "time for time" and "destination to destination".

---

## STATEMENT OF FACTS

---

## The Petitioner's Civil Commitment Under Texas Health & Safety Code, Chapter 841

The Petitioner has been confined to an approved residence or a secure facility since 2005 without an opportunity to present evidence that his behavioral

abnormality has changed to the extent that he is no longer likely to engage in predatory acts of sexual violence. The Petitioner is a 58-year old man, who committed sexually violent acts as defined by Tex. Health & Safety Code §841.002(8) in 1980 when he was 23 years old. The Petitioner received 20-year and 10-year concurrent sentences of imprisonment in the Texas Department of Criminal Justice-Institutional Division. The Petitioner was released on mandatory supervision in June 1987. He served subsequent prison sentences from 1991 to 2002 for parole revocation, indecency with a child by exposure and indecent exposure. 1 Supp. C.R. 12-13[1].

On January 8, 2003, after his release from prison, Petitioner was adjudicated a sexually violent predator as defined in Tex. Health & Safety Code § 841.003 and ordered, "committed for outpatient treatment and supervision to be coordinated by a case manger whose directives [he] shall follow." 1 C.R. 87. Petitioner was further ordered that if he "violates a commitment requirement under Health and Safety Code Section 841.082 or element of the treatment plan, [he] will likely be charged with a felony of the third degree, which may be enhanced to a more severe punishment." 1 C.R.89.

In 2006, the Ninth Court of Appeals upheld a modification of Petitioner's order of commitment that occurred during the biennial review process placing the

---

[1] References to C.R. and Supp.C.R. are to the Clerk's Record for *In Re Commitment of James Richards,* Trial Cause No. 01-09-05913 CV (Tex. App.-Beaumont 2013, pet. denied)

Petitioner at the Ben Reid Facility and imposing certain restrictions on his liberty. *In Re Commitment of James Ricky Richards and Ex Parte James Ricky Richards*, 202 S.W. 3d 779 (Tex. App.--Beaumont 2006). The Petitioner was ordered to "reside in a Texas residential facility under contract with the Council on Sex Offender Treatment (Council) or at another location or facility approved by the Council." 1 C.R. 22.

## The Petitioner's Progress in the Civil Commitment Program

Since the original 2003 commitment order, the Petitioner has complied with sex offender treatment under the auspices of the Council on Sex Offender Treatment (Council aka CSOT), subsequently known as the Office of Violent Sex Offender Management (OVSOM), now known as the Texas Civil Commitment Office (TCCO) while residing at an approved location as required by the terms of his commitment. Since Petitioner was committed, the trial court has issued orders continuing Petitioner's commitment on October 28, 2005; April 6, 2007; July 15, 2009; February 8, 2012; and September 24, 2014, each of which has continued Petitioner's civil commitment for an additional two years. 1 C.R. 5&6.

## No State Appellate Jurisdiction of Biennial Review Orders

Petitioner filed a "Notice of Request for Hearing" and "Motion for Hearing in Regard to the Biennial Review" on December 20, 2011. 1 C.R. 74-80. Although Petitioner requested a hearing date from the court coordinator, no date was

14

calendared by the Court. 1 C.R. 78. The Court issued its Biennial Review Order on February 8, 2012, without affording the Petitioner an opportunity to be heard. 1 C.R. 113-114. Petitioner filed an appeal, however the appellate court would not review a biennial review order because it considers such orders to be interlocutory. The Court of Appeals dismissed the appeal for lack of jurisdiction on March 7, 2013. *In Re Commitment of James Richards*, 395 S.W. 3d 905 (Tex. App.-Beaumont 2013, pet. denied). The Ninth Court of Appeals issued Mandate on July 11, 2013.

## **The Court's Refusal to Conduct a Biennial Review Hearing in 2014**

The Trial Court ordered date for biennial review on or after February 8, 2014, passed without the Trial Court issuing an order continuing civil commitment. OVSOM submitted reports to the Trial Court. Petitioner filed a motion to substitute counsel on March 28, 2014. Petitioner filed the report of his expert and a motion to seal on April 22, 2014. Petitioner filed a motion for hearing, a motion for funds to appoint an independent expert, and an affidavit of indigency on May 13, 2014. The Petitioner contacted the court coordinator to schedule a hearing on May 13, 2014, but none was scheduled. On May 20, 2014, the Trial Court denied motion to substitute counsel but issued no other rulings. On May 27, 2014, Petitioner filed a Petition for Writ of Mandamus in the Ninth Court of Appeals. On July 24, 2014, the appellate court denied the petition for writ of mandamus but assumed that the trial court would address the issue of whether a

hearing is necessary. *In Re Commitment of James Richards*, No. 09-14-00243-CV, 2014 WL 3697027 (Tex. App.-Beaumont 2014, pet. denied).

On September 9, 2014, with the Trial Court still failing to schedule a hearing, Petition for Writ of Mandamus was filed in the Texas Supreme Court. On September 24, 2014, the Trial Court issued a Biennial Review order continuing Petitioner's civil commitment without providing an opportunity for counsel to be present at the Biennial Review or a hearing for the Petitioner to present evidence on his behalf. The Trial Court issued the 2014 Biennial Review Order while the Petition for Writ of Mandamus to hold a hearing was pending at the Texas Supreme Court. On September 18, 2015, the Texas Supreme Court denied the Petition for Writ of Mandamus.

## The Trial Court has Failed to Issue Findings of Fact & Conclusions of Law

The Trial Court did not issue findings. There were no findings of lack of probable cause. The Trial Court did not issue rulings on any of the Petitioner's Requests for Hearing, Motion to Seal the psychological report of Dr. Fabian, or Petitioner's motion for appropriate funds to hire an expert. The trial court merely issued an order with boilerplate language on September 24, 2014, extending by eight months, the date of the civil commitment and ordering the next biennial review to be held on or after September 24, 2016.   The trial court ignored the

2014 biennial review date as it has in each review and issued its order seven months after the deadline.

---

## CLAIMS

---

### Ground for Relief One

**Petitioner was denied his right to due process of law under the Fourteenth Amendment of the United States Constitution and the Texas Constitution Article I Section Nineteen, by the trial court's failure to provide a hearing to determine whether probable cause exist that Petitioner's behavioral abnormality has changed to the extent he is no longer likely to commit an act of sexual violence.**

The Petitioner has the right to a due process hearing because his liberty is restricted and because the statute entitles him to review.  See *Foucha v. Louisiana*, 504 U.S. 71 (1992) (holding that a state may not continue to indefinitely confine an insanity acquittee in a mental hospital who is no longer mentally ill but may still be dangerous to himself and others). Texas' civil commitment statute specifically provides for a biennial examination. Tex. Health & Safety Code §841.101.

The biennial examination, in civil commitment cases, is done by an expert contracted for by the State, and a report on the examination is submitted to the judge. §841.101. The person is entitled to be represented by counsel at the biennial review and may have his or her own experts. See Tex. Health & Safety Code Ann. §§ 841.102-103; 841.144-145. In making the probable cause determination, the

17

trial judge has access to the report and the person's counsel. *Beasley v. Molett* 95 S.W. 3d 590 (Tex. App.-Beaumont 2002).

The procedures in biennial review balance the person's liberty interest and the government's interest in protecting the public from sexually violent predators. *Beasley v. Molett* 95 S.W. 3d 590 at 612(Tex. App.-Beaumont 2002).

In this case, the trial judge never provided a review date and never ruled on any of Petitioner's requests. Due process requires that the Petitioner in a biennial review be allowed to present his expert's testimony that his behavioral abnormality has changed to the extent that he is no longer likely to commit a predatory act of sexual violence. Failing to afford Petitioner a meaningful opportunity to be heard, to present evidence, and to argue before the court violates Petitioner's right to due process. See *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

"Due process requires that the findings of dangerous propensity and current mental condition be made following a hearing at which the defendant is present with counsel, has an opportunity to be heard and to present evidence, and has an opportunity to confront and cross-examine witnesses." *Jackson v. Foti*, 609 F. 2d 516 (5th Cir. 1982) citing *Specht v. Patterson*, 87 S.Ct. 1209 (1967). In *Jackson v. Foti*, the Fifth Circuit found due process had been denied when the Trial Court failed to hold a hearing to determine dangerous propensity after a period of commitment. The acquitee, Jackson, had been held in civil commitment following approximately

18

two years of treatment and was supported by a letter of a staff psychiatrist that "Jackson does not pose a threat of danger to himself or to society".

Like Jackson, James Richards seeks a hearing to show that he has completed more than twelve years of treatment, that there is an evaluation from a state retained expert stating that he is at low risk to reoffend, and to present expert testimony that his behavioral abnormality has changed to the extent that he is no longer likely to commit predatory acts of sexual violence. Further a hearing would show that the Petitioner has completed the therapeutic treatment plan in July 2014, which was cited as a prerequisite in the state's expert's report. The issuance of the civil commitment order in September 2014 failed to afford the Petitioner an opportunity to present this relevant evidence.

## **Ground for Relief Two**

**Petitioner was effectively denied his statutory right to counsel in violation of his Fourteenth Amendment Constitutional right to due process of law by failing to conduct a biennial review hearing at which the Petitioner could be represented by counsel.**

The Petitioner is entitled to representation by counsel at the biennial review. Tex. Health & Safety Code § 841.102(b). The trial court appeared to be aware of this right, as it sent notice of the biennial review to the State Counsel for Offenders in previous reviews. 1C.R.33.  However, this right is meaningless unless the right to counsel also includes the opportunity to be heard "at a meaningful time and in a

meaningful manner." *Mathews v. Eldridge* 424 U.S. 319, 333 (1976), citing *Armstrong v. Manzo* 380 U.S. 545, 552 (1965).

Petitioner unsuccessfully sought a hearing to present evidence in his behalf during his 2012 biennial review. The Trial Court would not schedule a requested hearing. The Trial Court continued his commitment and ordered the next biennial review to be held on or after February 8, 2014. Petitioner appealed and the matter was dismissed for lack of jurisdiction. *In Re Commitment of James Richards*, 395 S.W. 3d 905 (Tex. App.-Beaumont 2013, pet. denied). The Ninth Court of Appeals issued Mandate on July 11, 2013.

The following is a timeline of the events in the Petitioner's case:

1. By February 8, 2014, the Trial Court had issued no orders concerning the Petitioner's biennial review.

2. March 28, 2014 - Pro bono counsel filed a motion to substitute counsel, upon request from the Petitioner.

3. April 22, 2014 – Pro bono counsel filed a favorable psychological evaluation of Dr. John Fabian and motion to seal with the Montgomery County, Texas District Clerk.

4. May 5, 2014 - The psychologist, who had evaluated the Petitioner in 2011, signed an affidavit stating that the Relator's behavior abnormality had

changed to the extent that he is no longer likely to engage in a predatory act of sexual violence.

5. May 8, 2014 - State Counsel for Offenders filed a motion to withdraw and substitute counsel.

6. May 13, 2014 - Pro bono counsel filed a motion asking the Trial Court to conduct hearing during the 2014 biennial review proceeding and release Petitioner from civil commitment.

7. May 20, 2014 - The Trial Court denied the motion to substitute counsel and SCFO's motion to withdraw.

8. May 27, 2014 - Petitioner filed a Petition for Writ of Mandamus in the Court of Appeals seeking a probable cause hearing or release of the Relator from civil commitment.

9. June 4, 2014 - Pro bono counsel filed a notice of appearance on behalf of Petitioner.

10. June 26, 2014 - State Counsel for Offenders filed on behalf of the Petitioner substantially similar motions in the trial court seeking a probable cause hearing for the Petitioner.

11. July 24, 2014 - The Court of Appeals denied Relator's Petition for Writ of Mandamus and issued an opinion finding that pro bono counsel is additional counsel and assuming that the Trial Court will make decision as to whether

a hearing is necessary within a reasonable time. *In Re James Richards*, No. 09-14-00243-CV (Tex. App. -- Beaumont, July 24, 2014) at p. 13.

12. September 9, 2014 – Petition for Writ of Mandamus for a hearing was filed in the Texas Supreme Court.

13. September 24, 2014 – The trial court issued a Biennial Review Order with substantially similar language to all previous orders, continuing the Petitioner's civil commitment.

14. October 30, 2014 – The trial court scheduled a hearing to challenge the authority of the undersigned counsel to represent the Petitioner on the motion of the Texas Attorney General. An assigned judge denied the State's motion and recused Hon. Michael J. Seiler.

15. September 18, 2015 – The Texas Supreme Court denied the Petition for Writ of Mandamus.

As Petitioner was prevented from arguing before the court or participating in the biennial review process in a meaningful manner, Petitioner's statutory and due process right to representation by counsel, as protected by the Fourteenth Amendment of the United States Constitution; Article I, Section 19 of the Texas Constitution; and Tex. Health & Safety Code 841.102(b) were denied.

## **Ground for Relief Three**

**In violation of his Fourteenth Amendment right to due process of law, Petitioner was prevented from presenting new evidence that**

**he does not suffer from a behavioral abnormality and is not likely to commit acts of predatory sexual violence and should be released from civil commitment.**

The Petition for Writ of Mandamus included evidence that the Petitioner's behavioral abnormality has changed to the extent the Petitioner is no longer likely to engage in a predatory act of sexual violence. Petitioner filed a motion to seal the psychological report of his expert with the Trial Court on April 22, 2014. The Trial Court never ruled on the Petitioner's motion and the report remains unsealed in the Trial Court's file. There is no evidence that the Trial Court ever considered the Petitioner's favorable psychological evaluation. Dr. Fabian issued another affidavit in May 2014 continuing to state that the Petitioner's behavioral abnormality has changed to the extent that he is no longer likely to commit predatory acts of sexual violence. See *In re James Richards*, No. 09-14-00243-CV (Tex. App. -- Beaumont, July 24, 2014)

*In re Commitment of Hinkle*, Lexis 4504, (Tex. App.-- Beaumont 2011) the appellate court concluded that the trial court had committed harmful error when it excluded testimony of the Relator's expert. Without such testimony, the State expert's testimony went unchallenged by any defense expert in the field of psychology or psychiatry. During the biennial review process, the judge is the finder of fact, not a jury. The judge is charged with determining whether probable cause exists to believe the person's behavioral abnormality has changed to the

extent that he is no longer likely to engage in a predatory act of sexual violence. Tex. Health and Safety Code § 841.102(c)(2). The trial judge did not provide a hearing for the Petitioner to present testimony and there is no evidence that the judge considered the evidence given the boilerplate language of the 2014 biennial review order. This omission was harmful error, as it allowed the State's expert's testimony to go unchallenged by the Relator's expert in the field of psychology or psychiatry.

The Petitioner filed the written report of Dr. Fabian in the trial court on April 22, 2014. The report is new evidence that James Richards does not have a behavioral abnormality.  The Petitioner is not likely to engage in predatory acts of sexual violence. The Petitioner should not be held in civil commitment.

## **Ground for Relief Four**

**Petitioner has been deprived of his Fourteenth Amendment right to due process because the trial court has unduly delayed each required biennial review and thus his release from civil commitment and confinement.**

Texas courts frequently cite upon *Kansas v. Hendricks*, 521 U.S. 346 (1997) to uphold the constitutionality of civil commitment of those deemed sexually violent predators. The Court held where notwithstanding a "civil label", a statutory scheme "is so punitive either in purpose or effect as to negate the State's intention to deem it civil," a court will reject a legislative's manifest intent to create a civil

proceeding and will consider the statute criminal proceeding for constitutional purposes. The Court concluded if the Plaintiffs can show that, contrary to the purpose of the statute the commitment is punitive without any meaningful opportunity for release, then they have a plausible claim that their fundamental liberty interest protected by the Fourteenth Amendment has been violated by arbitrary government action. *Karsjen v. Jesson,* Case 0: 11-cv-3659-DWF-JJK (D. Minn, February 19, 2014) at 20-21. The Court has also held that the nature and duration of commitment must bear some reasonable relation to the purpose for which the individual is committed. *Jackson v. Indiana,* 406 U.S. 715, 738 (1972). Each delayed biennial review results in continued commitment without a reasonable relation to the purpose of the commitment. Delayed reviews are in effect punitive.

The Minnesota Civil Commitment process (MSOP) is remarkably similar to the recently implemented "inpatient" program by the Texas legislature, Senate Bill 764, effective June 17, 2015. Like Texas, the Minnesota program has failed to release a single individual from the program. "After applying the strict scrutiny standard, the Court concludes that Minnesota's civil commitment statutory scheme is not narrowly tailored and results in a punitive effect and application contrary to the purpose of civil commitment and that the MSPO, in implementing the statute, systematically continues to confine individuals in violation of constitutional

principles". *Karsjen v. Jesson*, Case 0: 11-cv-3659-DWF-JJK (D. Minn, June 15, 2015)

Without this Court's intervention the State will continue to confine the Petitioner indefinitely. If the State's continued confinement of Petitioner remains unchecked he will spend his entire life confined for acts he committed when he was 23 years old and for which he has completed a 20 year prison sentence.[2]

Petitioner seeks relief in Federal Court because the relevant issue is capable of repetition, yet evading review. The United States Supreme Court has said that "the 'capable of repetition but evading review' doctrine [is] limited to the situation where two elements combine: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. *Weinstein v. Bradford*, 96 S.Ct. 347 (1975); *see also Murphy v. Hunt*, 455 U.S. 102 S.Ct. 1181, (1982). *Pharris v. State*, 165 S.W.3d at 687-688.

Mr. Richards meets both criteria. When the Trial Judge ordered the continued commitment of Mr. Richards, the trial court sought to foreclose his ability to fully litigate the issue that is the subject of this petition. The biennial

---

[2] To date no man has been released from civil commitment.  According to the most recent published record more than 7 men have died in civil commitment and 263 men have been civilly committed. Biennial Report Regarding the Office of Violent Sex Offender Management December 1, 2012. pgs 8-9.  More recent unofficial OVSOM publications report more than 321 men have been civilly committed and 9 men have died in civil commitment. On August 16, 2015 an additional civilly committed man, Brent Allen Jozefkowicz, committed suicide. Ward, Mike. Houston Chronicle September 7, 2015.

review period is too short to present motions to the trial court, ascertain that the trial court will not act, file writ of mandamus and receive relief before the trial court issues a continuing order of commitment. This scenario is as likely to occur again in 2016 as it did in 2012.

PRAYER

WHEREFORE, PREMISES CONSIDERED, it is respectfully requested that this Honorable Court

16.    Vacate the petitioner's Biennial Review Order of September 24, 2014.

17.    Issue a writ of habeas corpus so that the petitioner may be relieved of his illegal restraint of liberty, such restraint being founded upon an unlawful and unconstitutional commitment order based upon a fundamental denial of due process and right to a fair and timely hearing.

18.    Permit discovery and conduct an evidentiary hearing.

19.    Allow the petitioner a period of time within which to file such amendments to this application as might be necessary to bring all proper matters before this Court.

20.    Permit the filing of the state's answer.

21.    Finally, to grant such other and further relief as this court may deem appropriate.

Respectfully submitted

/s/ NANCY BYRD BUNIN
State Bar No. 03561500
Law Offices of Habern & O'Neil
3700 North Main
Houston, Texas 77009
Office (713) 942-2376
nbyrdb@gmail.com

Pro Bono Attorney for
James Richards

CERTIFICATE OF SERVICE FORM FOR ELECTRONIC FILINGS
I hereby certify that on October 21, 2015, I electronically filed the foregoing
document with the United States District Court for the Southern District of Texas
by using the CM/ECF system.

I further certify that on October 21, 2015 I served a copy of the foregoing
document on the Texas Attorney General, Postconviction Division, at P.O. Box
12548, Austin, TX 78711 by U.S. mail.

/s/Nancy Bunin