United States District Court
Southern District of Texas
**ENTERED**
November 15, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES R. RICHARDS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-15-3075 |
| | § | |
| MARSHA MCLANE, | § | |
| Director of the Texas Civil | § | |
| Commitment Office, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 3). The court heard argument on the record in open court on November 8, 2016. Having considered the parties' submissions and argument of counsel, the court recommends that Richards's petition be denied with prejudice.

## Background

Because exhaustion of state remedies is a significant threshold issue in this case, a detailed review of the procedural history of Richards' civil commitment in Texas courts is required. On January 8, 2003, a jury determined Richards was a sexually violent predator. He was involuntarily civilly committed to outpatient treatment and supervision by the Office of Violent Sex Offender Management (OVSOM) pursuant to title 11, chapter 841 of the

Texas Health & Safety Code.[1] Richards appealed, and the Texas Court of Appeals, Ninth District, affirmed the judgment on February 12, 2004. *In re Commitment of Richards*, No. 09-03-168 CV, 2004 WL 256744 (Tex. App. - Beaumont Feb. 12, 2004, no pet.).

Richards then filed a state petition for writ of habeas corpus challenging the terms of his treatment plan. On the same day the trial court heard the writ petition, it conducted its first biennial review. The trial court denied the writ, and modified the terms of the commitment order to require Richards to reside in a secure facility. Richards appealed both rulings, and the court of appeals consolidated the matters. *In re Commitment of Richards*, 202 S.W.3d 779 (Tex. App. - Beaumont 2006, pet. denied). The appellate court ruled that it had no jurisdiction over Richards appeal of the biennial review order modifying the conditions of his commitment because such an order is not final. In contrast, the court concluded that a ruling on the merits in a civil habeas case challenging restraints on his freedom is final and appealable, even if removing the challenged restraints would not affect the judgment that he is a sexually violent predator. In the end, the court affirmed the trial court's denial of habeas relief as to the conditions of his commitment. Richards did not challenge, and the appellate court did not address, the trial court's determination on biennial review that Richards's sexual abnormality had not changed.

The trial court issued subsequent biennial review orders in April 2007 and July 2009.

---

[1]     Texas's sexually violent predator treatment and supervision scheme was amended in 2015 to provide for a tiered treatment program that allows a committed person to progress from confinement, to less restrictive housing, and eventually to release. *See* TEX. HEALTH & SAFETY CODE § 841.0831. The 2015 amendments replaced the OVSOM with the Texas Civil Commitment Office.

It appears Richards did not appeal or petition for writ of habeas corpus after entry of these orders.

The trial court next issued a biennial review order on February 8, 2012. Richards requested a hearing and objected to evidence submitted to the trial court by the OVSOM but no hearing was held, and the court issued its order again finding no change in Richards's behavioral abnormality. Richards filed a motion for reconsideration, and a notice of appeal. The Texas Court of Appeals, Ninth District, again dismissed the appeal for lack of jurisdiction, holding that the biennial review order was interlocutory and thus not subject to appeal. *In re Commitment of Richards*, 395 S.W.3d 905 (Tex. App. - Beaumont 2013, pet. denied). A key component of the appellate court's reasoning was its determination that there are "statutory options [other than biennial review] that Richards could use to obtain a trial on the merits on the issue of whether he no longer has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence." 395 S.W.3d at 910.

Richards's next biennial review was scheduled for February 2014. On April 22, 2014, no biennial review order having yet issued, Richards filed with the trial court the evaluation of licensed forensic psychologist John Fabian, who opined that Richards was no longer likely to commit predatory acts of sexual violence. Richards then filed a petition for writ of mandamus demanding the trial court conduct the biennial review and conduct a hearing. On July 24, 2014 the Texas Court of Appeals denied the petition, ruling that neither the statutory scheme nor due process require the trial court to hold an evidentiary hearing. *In re Richards*, No. 09-14-00243-CV, 2014 WL 367027 (July 24, 2014).

On September 8, 2014, Richards filed a petition for writ of mandamus in the Texas Supreme Court, reasserting the issues raised before the Texas Court of Appeals. On September 24, 2014 the trial court, without hearing, issued a biennial review order continuing Richards's commitment. On September 18, 2015, the Supreme Court denied the petition for mandamus.[2]

Richards filed this federal habeas petition on October 21, 2015 challenging the September 2014 biennial review order.[3] Richards argues that the trial court's failure to conduct a probable cause hearing effectively denied him the right to counsel and to present evidence, and that the trial court's delays in conducting biennial reviews unconstitutionally extended his commitment period.[4]

Respondent contends that Richards is not "in custody," has not exhausted his state court remedies, and has not been denied due process.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) confers jurisdiction on the federal district court to grant a writ of habeas corpus

---

[2]    The trial court amended the conditions of Richards's civil commitment by order issued September 15, 2015, presumably to comply with amendments to the Health and Safety Code. This order is not addressed in Richards's current federal petition.

[3]    Richards's separate *pro se* lawsuit pursuant to 42 U.S.C. § 1983 challenging certain conditions of his civil commitment remains pending in U.S. District Court for the Southern District of Texas. *Richards v. Office of Violent Sex Offender Management*, No. 4:13cv1394.

[4]    Because Richards has not met his burden to show constitutional error in the biennial review order finding no change in his condition, he can show no harm from the delay. After the 2015 amendments, the trial court now has only 60 days after submission of the biennial examination report to conduct biennial review and issue an order. TEX. HEALTH & SAFETY CODE § 841.102.

where a state prisoner "is in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). In order to meet the exhaustion requirement, the substance of a federal habeas corpus claim must first be presented to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts, including the highest court of the state, are required to have a fair opportunity to apply the controlling federal constitutional principles to the same allegations before federal court review. *Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008).

AEDPA sets forth a highly deferential standard for federal courts reviewing state court rulings. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A habeas petitioner is not entitled to federal habeas relief on claims adjudicated on the merits in state court unless that adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Analysis**

**1.     In custody**

Respondent argues that this court does not have jurisdiction to review Richards's

habeas petition because he is not "in custody" for purposes of 28 U.S.C. § 2254(a). Respondent cites *Bohannon v. Doe*, 527 Fed. App'x 283, 289 (5th Cir. 2013), which is inapplicable here. In *Bohannon*, the court concluded that the plaintiff, who was no longer in prison, was not entitled to tolling of limitations under a statute designed to allow a custodial prisoner to exhaust prison grievance procedures before filing a federal claim under 42 U.S.C. § 1983. The "custody" issue here is entirely different.

The Supreme Court has held that "nothing in the language of [28 U.S.C. § 2244] requires that the state court judgment pursuant to which a person is in custody be a criminal conviction. Nor does [28 U.S.C. § 2254] by its terms apply only to those in custody pursuant to a state criminal conviction." *Duncan v. Walker*, 533 U.S. 167, 176 (2001); *see also Wiley v. 22nd J.D.C. Clerk*, No. 13-5040, 2014 WL 247865 *2(E.D. La. Jan. 17, 2014) (finding jurisdiction to entertain a § 2254 petition from a person held under a voluntary civil commitment order). There is no question Richards's liberty is restrained by the 2003 judgment declaring him a sexually violent predator and by the September 24, 2014 biennial review order extending his commitment period. Thus, Richards is "in custody" for purposes of 28 U.S.C. § 2254, even though he is not in prison on a criminal conviction.

**2.     Exhaustion**

The parties dispute the procedure available to Richards for exhaustion of his state remedies regarding the September 2014 biennial review order. Texas courts have made it clear that Richards cannot directly appeal the trial court's biennial review orders. *See In re Commitment of Richards*, 202 S.W.3d 779 (Tex. App. - Beaumont 2006, pet. denied); *In re*

*Commitment of Richards*, 395 S.W.3d 905 (Tex. App. - Beaumont 2013, pet. denied).

Respondent argues that Richards must file a state application for writ of habeas corpus to exhaust state remedies on his challenge to the biennial review order. Richards contends that he does not have a remedy under state habeas statutes, which provide a remedy only for certain criminal convictions.[5] It is Richards's position that he exhausted his state remedies through his petition for writ of mandamus filed on September 8, 2014 in the Texas Supreme Court.

Texas Criminal Code Art. 11.01 defines a writ of habeas corpus as "the remedy to be used when any person is restrained in his liberty." "Restraint" in this context means "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." TEX. CRIM. CODE. ART. 11.22. As the court explained in *In re Commitment of Richards*, 202 S.W.3d at 789, state habeas proceedings are available to persons under restraint other than by means of confinement on a criminal conviction. *See also Gibson v. State of Texas*, 921 S.W.2d 747, 753 (Tex. App. - El Paso, writ denied 1996). It is clear that Richards is restrained in his liberty by the Texas Civil Commitment Office.[6] The Texas Court of Appeals exercised jurisdiction over Richards's previous civil habeas proceeding. *See In re Commitment of Richards,* 202 S.W.3d at 788-89. The court concludes that a state application for writ of habeas corpus is one means of exhausting state remedies prior to proceeding in

---

[5]      *See* Dkt. 11 (citing TEX. CRIM. CODE ART. 11.07, 11.071, and 11.072).

[6]      Indeed, the court ruled in section 1 above that Richards is "in custody" for purposes of § 2254.

federal court.

However, this does not necessarily mean that state habeas review is the *only* means of exhausting state remedies regarding the biennial review process. In 2014, Richards filed a petition for mandamus seeking to vacate his 2012 biennial review order and to force the trial court to hold an evidentiary hearing before issuing any future biennial review order. That effort was denied by the court in *In re Richards*, No. 09-14-00243-CV, 2014 WL 367027 (Tex. App. - Beaumont, July 24, 2014). Prior to the trial court's issuance of the 2014 biennial review order, Richards filed a mandamus petition in the Texas Supreme Court. The mandamus petition expressly sought to vacate not only the 2012 order but to prevent any future order that might issue without an evidentiary hearing with presence of counsel -- the same relief he sought in his prior mandamus petition and that he seeks here. The Texas Supreme Court denied the petition without a written order.

While the court has found no authority holding that a petition for mandamus is sufficient to exhaust state remedies in this context, *i.e.*, a federal habeas case challenging biennial review, there is authority holding that a petition for mandamus may be a "properly filed petition for collateral review" for tolling purposes under AEDPA, 28 U.S.C. § 2244(d)(2). *See Hutson v. Quarterman*, 508 F.3d 236, 239-40 (5th Cir. 2007) (mandamus seeking post-conviction DNA testing in order to challenge a conviction constitutes "other collateral review"); *cf. Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (petitioner's mandamus application seeking only an order directing the trial court to act was not "other collateral review").

8

Richards has presented his claims to the highest available state court by means of a mandamus petition. This should be sufficient to satisfy the exhaustion of remedies requirement. Even if it were not sufficient, however, this court may nonetheless deny habeas relief on the merits. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987) (courts may deny a habeas claim on the merits despite lack of exhaustion); *Pondexter v. Quarterman*, 537 F.3d 511, 527 (5th Cir. 2008). To the merits we now turn.

### 3.    Merits

Civil commitment of sexually violent predators is constitutionally permissible when proper procedures and evidentiary standards are followed. *Kansas v. Hendricks*, 521 U.S. 346, 347 (1997); *In re Commitment of Fisher*, 164 S.W.3d 637, 652 (Tex. 2005) (upholding the Texas civil commitment scheme).

Richards does not dispute that he received the full panoply of substantive and procedural due process during his initial civil commitment proceeding in 2003. His argument is that he did not receive due process in the biennial review process resulting in the September 24, 2014 order. Specifically, Richards complains that his counsel was not afforded the opportunity to appear at a probable cause hearing to present evidence and challenge the state's evidence. Richards further complains that the trial court failed to conduct an actual "review" of the record.[7]

First, it is important to note that Richards's right to counsel in the biennial review

---

[7]    At the hearing, Richards's counsel confirmed that the 2015 amendments to the Texas Health and Safety Code Chapter 841 do not substantively impact the due process claims asserted here.

process is a product of state civil law, *i.e.*, Texas Health & Safety Code, art. 11, § 841.102(b). Therefore, he cannot state a claim for violation of the Sixth Amendment of the United States Constitution. In addition, the record reflects that Richards has at all times been represented either by the State Counsel for Offenders (a division of the Texas Board of Department of Criminal Justice), or by current counsel.

Second, nothing in the Texas Health and Safety Code requires the trial court to hold an evidentiary hearing on biennial review in all cases. The trial court is required to hold a hearing on biennial review only if it finds that (1) modification of conditions is necessary or (2) probable cause exists to believe that the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence. TEXAS HEALTH & SAFETY CODE, art. 11, § 841.102(c). The trial court overseeing Richards's case found neither (a) nor (b), and thus was not required to conduct a hearing.

The crux of Richards's argument is that because he filed with the court an affidavit from a doctor opining that his condition had changed, there was evidence in the record to support probable cause under § 841.102(c)(2). Therefore, Richards argues, the court's conclusory statement that "there is ***no evidence*** to suggest that sex offender treatment of James Richards has resulted in his behavioral abnormality having changed" proves that the court did not actually review his case.

The court did issue a boilerplate order. But there is no legal requirement that the court issue a full-fledged opinion or detailed findings. The record shows that Richards underwent a biennial evaluation, a report of which was provided to the trial court as required by TEXAS

HEALTH & SAFETY CODE, art. 11, § 841.101.[8] The September 24, 2014 biennial review order states that "the court has been advised that James Richards is making minimal progress in behavior modification."[9] The court was under no obligation to accept Richards's expert opinion as conclusive. There is no reason to conclude the court acted without reviewing the record before it.

As the Ninth Court of Appeals recognized, Richards has access to procedural mechanisms other than biennial review to petition for release. *In re Commitment of Richards*, 395 S.W.3d at 910. Under § 841.121, if the Commitment Office determines that a person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence, it must authorize the person to file a petition for release in the trial court, and upon filing the trial court must set a hearing. Under § 841.122, a person who has not received authorization under § 841.121 may also file a petition for release, but the trial court must deny the petition without a hearing if it is frivolous or successive. TEXAS HEALTH & SAFETY CODE art. 11 § 841.123. If the trial court does not deny an unauthorized petition, instead finding probable cause exists to find the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence, then the trial court must conduct a hearing. *Id.* § 841.124. There is no evidence in the record that Richards has ever filed a petition for release under § 841.122. Richards suggests that such a filing would be futile, but we are in no position to indulge that

---

[8]     Dkt. 9-3 (under seal).

[9]     Dkt. 7-7 at 2.

assumption based on this record.

Richards strongly disagrees with the trial court's repeated rulings that no probable cause exists to find his condition changed. But there is no evidence that he was ever denied a hearing or the right to counsel in violation of the state's statutory scheme.

### 4.    Leave to amend

In an advisory filed just prior to the November 8 hearing, counsel brought to the court's attention two 2015 district court cases[10] that he argues warrant leave to amend his petition to assert a constitutional challenge to Texas's civil commitment scheme.

This case is before the court on Richards's petition for writ of habeas corpus. It is not a case brought under 42 U.S.C. § 1983. The constitutionality of Chapter 841 as amended in 2015 can be challenged in a new lawsuit, or as an amendment to Richards's existing § 1983 lawsuit.[11] Leave to amend is denied.

## Conclusion, Recommendation, and Order

For the reasons discussed above, the court recommends that Richards's application be denied with prejudice.

It is further ordered that Richards's motion for leave to amend (Dkt. 15) is denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules

---

[10]     *Van Orden v. Schafer*, Case No. 4:09CV0071, 2015 WL 9269251 (E.D. Mo. Dec. 21, 2015); *Karsjens v. Jesson*, 109 F. Supp. 3d 1139 (D. Minn. 2015).

[11]     *See* footnote 3.

Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

Signed at Houston, Texas on November 15, 2016.

Stephen Wm Smith
United States Magistrate Judge